IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DAVID L. JOHNSON,

        Plaintiff,

   v.

CAROLYN COLVIN,
Commissioner of Social Security,

        Defendant.

No. 3:14-cv-00187-HZ

OPINION & ORDER

George J. Wall
LAW OFFICES OF GEORGE J. WALL
1336 E. Burnside St., Suite 130
Portland, OR 97214

    Attorney for Plaintiff

S. Amanda Marshall
United States Attorney, District of Oregon
Ronald K. Silver
Assistant United States Attorney
U.S. ATTORNEY'S OFFICE, DISTRICT OF OREGON
1000 SW Third Avenue, Suite 600
Portland, OR 97204

1 - OPINION & ORDER

Erin F. Highland
Special Assistant United States Attorney
SOCIAL SECURITY ADMINISTRATION
Office of the General Counsel
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, WA 98104

      Attorneys for Defendant

HERNÁNDEZ, District Judge:

Plaintiff David Johnson brings this action for judicial review of the Commissioner's final decision denying his application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. This Court has jurisdiction under 42 U.S.C. § 405(g) (incorporated by 42 U.S.C. § 1382(c)(3)). For the reasons that follow, the Commissioner's decision is affirmed in part and reversed in part.

## PROCEDURAL BACKGROUND

Plaintiff protectively filed an application for DIB on August 7, 2010. Tr. 80-82. His application was denied initially and upon reconsideration. Tr. 83-86, 90-92. On May 14, 2012, Plaintiff appeared, with counsel, for a hearing before an Administrative Law Judge (ALJ). Tr. 28-57. At the hearing, Plaintiff requested a closed period decision from April 30, 2010 to October 1, 2011. Tr. 32-33. On June 14, 2012, the ALJ found Plaintiff not disabled. Tr. 14-23. The Appeals Council denied review. Tr. 1-6.

## FACTUAL BACKGROUND

Plaintiff alleges disability based on rotator cuff injury, shoulder injury, and depression. Tr. 157. He was fifty-five years old at the time of the administrative hearing. Tr. 59. He completed one year of college. Tr. 158. He has past work experience as an electrician, oiler/crane operator, electrical helper, store manager, roustabout, and night manager/cashier. Tr. 174.

Because the parties are familiar with the medical and other evidence in the record, the Court refers to any additional relevant facts in the discussion section below.

## SEQUENTIAL DISABILITY ANALYSIS

A claimant is disabled if unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). Disability claims are evaluated according to a five-step procedure. See e.g., Valentine v. Comm'r, 574 F.3d 685, 689 (9th Cir. 2009). The claimant bears the ultimate burden of proving disability. Id.

In the first step, the Commissioner determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520(b), 416.920(b). In step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." Yuckert, 482 U.S. 137 at 140-41; 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled.

In step three, the Commissioner determines whether the impairment meets or equals "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." Yuckert, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Commissioner proceeds to step four. Yuckert, 482 U.S. at 141.

In step four, the Commissioner determines whether the claimant, despite any impairment(s), has the residual functional capacity to perform "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can, the claimant is not disabled. If the claimant cannot

3 - OPINION & ORDER

perform past relevant work, the burden shifts to the Commissioner. In step five, the Commissioner must establish that the claimant can perform other work. Yuckert, 482 U.S. at 141-42; 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f). If the Commissioner meets his burden and proves that the claimant is able to perform other work which exists in the national economy, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ'S DECISION

At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity from April 30, 2010 to October 1, 2011, the alleged period of disability. Tr. 19. Next, at steps two and three, the ALJ determined that Plaintiff had severe impairments of left rotator cuff tear status post-repair; polysubstance dependence in reported, partial remission; and degenerative disc disease; but that the impairments did not meet or equal, either singly or in combination, a listed impairment. Tr. 19-20. At step four, the ALJ concluded that Plaintiff had the residual functional capacity (RFC) to perform less than the full range of light work as defined in 20 C.F.R. § 404.1567(b). Tr. 20. The ALJ determined that Plaintiff could lift and carry 20 pounds occasionally and 10 pounds frequently; he could stand and walk for 6 out of 8 hours; he could sit for 6 out of 8 hours; he could occasionally reach overhead with the left arm and shoulder; he could occasionally climb ladders, ropes, or scaffolds; he could frequently climb ramps and stairs; he could frequently stoop, kneel, and crouch; he could occasionally crawl; he should avoid concentrated exposure to vibration; and he should avoid even moderate exposure to workplace hazards such as dangerous machinery or heights. Tr. 20.

With this RFC, the ALJ determined that Plaintiff was capable of performing past relevant work as a cashier II and convenience store manager. Tr. 22. Thus the ALJ determined that Plaintiff was not disabled. Tr. 23.

**STANDARD OF REVIEW**

The reviewing court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence" means "more than a mere scintilla, but less than a preponderance." Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995)). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id.

The court must weigh the evidence that supports and detracts from the ALJ's conclusion. Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007) (citing Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998)). The reviewing court may not substitute its judgment for that of the Commissioner. Id. (citing Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)); see also Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading. Id.; see also Batson, 359 F.3d at 1193. However, the court cannot not rely upon reasoning the ALJ did not assert in affirming the ALJ's findings. Bray, 554 F.3d at 1225-26 (citing SEC v. Chenery Corp., 332 U.S. 194, 196 (1947)).

**DISCUSSION**

Plaintiff contends that the ALJ erred by: (1) relying on the opinion of a state agency disability examiner; (2) finding that Plaintiff could perform his past relevant work as a cashier and a convenience store manager; and (3) failing to provide an explanation of Plaintiff's ability to do sustained work activities. The Court finds no error in the ALJ's reliance on the opinion of

the disability examiner or the ALJ's analysis regarding sustained work activities. However, the ALJ erred in finding that Plaintiff could perform past relevant work.

I.      **Substantial Evidence to Support the ALJ's Opinion**

Plaintiff contends that the ALJ's decision is not supported by substantial evidence because it erroneously grants "great weight" to the opinion of state disability examiner Dr. Sharon Eder, M.D. The Court disagrees.

An ALJ is required to consider as opinion evidence the findings of state agency medical consultants; the ALJ is also required to explain the weight given to such opinions. Sawyer v. Astrue, 303 F. App'x 453, 455 (9th Cir. 2008) (citing 20 C.F.R. § 416.927(f)(2)(i)-(ii), and SSR 96–6P, 1996 WL 374180 *2 (S.S.A. 1996) (stating that an ALJ "may not ignore" the opinions of state agency medical consultants "and must explain the weight given to the opinions in their decisions")). Opinions from non-examining medical sources are to be given less weight than treating or examining doctors. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995), as amended (Apr. 9, 1996). Moreover, a nonexamining physician's opinion only constitutes substantial evidence if consistent with the record and supported by other evidence. Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 600 (9th Cir. 1999).

Social Security regulations provide that, unless a treating source's opinion is given controlling weight, the ALJ must explain in the decision the weight given to the opinions of a state agency medical consultant by applying the factors set forth in 20 C.F.R. § 404.1527(c)(2)(i-ii) and (c)(3–6). Garrison v. Colvin, 759 F.3d 995, 1012 (9th Cir. 2014). These factors are length of the treatment relationship and frequency of examination, nature and extent of the treatment relationship, "supportability," consistency, specialization, and other factors that tend to support or contradict the opinion. Id.

Dr. Eder wrote her opinion on October 22, 2010, after reviewing Plaintiff's medical records from April to October, 2010. Tr. 60-62. Dr. Eder opined that Plaintiff could lift and carry 20 pounds occasionally and 10 pounds frequently; he could stand and walk for 6 out of 8 hours; he could sit for 6 out of 8 hours; he could occasionally reach overhead with the left arm and shoulder; he could occasionally climb ladders, ropes, or scaffolds; he could frequently climb ramps and stairs; he could frequently stoop, kneel, and crouch; he could occasionally crawl; he should avoid concentrated exposure to vibration; and he should avoid even moderate exposure to workplace hazards such as dangerous machinery or heights. Tr. 22.

The ALJ assigned "great weight" to the opinion of Dr. Eder because he found that her assessment of Plaintiff's limitations was consistent with the objective medical evidence and Plaintiff's activities of daily living.[1] Tr. 22. For example, the ALJ found that the opinion was consistent with Plaintiff's activities of daily living questionnaire dated September 6, 2010, where Plaintiff indicated that he was able to do household chores such as vacuuming, washing dishes, washing laundry, and mowing the lawn. Tr. 186.

Plaintiff does not appear to dispute that Dr. Eder's opinion, at the time that it was written, was supported by medical evidence from April 30, 2010 to October 22, 2010. Instead, Plaintiff points to medical evidence that Dr. Eder could not possibly have considered, given the timing of her opinion. Plaintiff claims that he was disabled from April 30, 2010 to October 1, 2011. On November 26, 2010, Plaintiff had surgery to repair his rotator cuff. Tr. 604. Because Dr. Eder's opinion was issued in October of 2010, it does not include any consideration of Plaintiff's surgery or his recovery. Nor does it reflect the medication he was taking at the time, such as Oxycotin and Vicodin, or the problems he had with concentration and drowsiness. Tr. 44, 621,

---

[1] While the ALJ did not address any of the other factors contained in 20 C.F.R. § 404.1527, he stated that he considered the opinion evidence "in accordance with the requirements" of the statute. Tr. 20.

7 - OPINION & ORDER

1147-48. Plaintiff argues that the ALJ erred in relying on Dr. Eder's opinion to create the RFC, given that Dr. Eder's opinion did not consider medical records from the entire closed period of disability.[2]

However, Plaintiff's argument fails because the ALJ, in crafting the RFC, considered not just Dr. Eder's opinion, but all of the medical evidence in the record. The fact that the RFC language mirrors Dr. Eder's findings does not, by itself, mean the ALJ's opinion is not supported by substantial evidence. The ALJ's decision includes consideration of Plaintiff's medical records from the time period after Dr. Eder issued her opinion and accounts for Plaintiff's issues with pain medication and lingering pain after surgery. Tr. 22. There was sufficient medical evidence in the record for the ALJ to determine Plaintiff's post-surgery limitations. For example, the ALJ cites post-surgery treatment notes from December, 2010; and January, March, and May, 2011. Tr. 21. The ALJ also takes into account Plaintiff's testimony about the entire closed period of alleged disability. Tr. 21-22. Therefore, the ALJ's decision is supported by substantial evidence, notwithstanding the timing of Dr. Eder's opinion.

**II.     Step Four Analysis**

At step four of his analysis, the ALJ found that Plaintiff could perform past relevant work as a cashier and convenience store manager, "as generally performed (not as the claimant performed) based on the vocational expert's testimony." Tr. 23. However, when viewed in its entirety, the vocational expert (VE) testimony does not support a finding that Plaintiff could perform past relevant work as generally performed.

At the hearing, the ALJ posed a hypothetical to the VE that included Plaintiff's limitations and asked whether Plaintiff would be able to perform any of his prior work. Tr. 52.

---

[2] Plaintiff asserts that Dr. Eder only reviewed medical evidence from three of the nineteen months for which he claims disability; however, the record shows that she reviewed medical evidence for the first seven months of the nineteen. Tr. 60-62.

The VE responded that Plaintiff would be able to return to cashier II and convenience store manager positions, not as Plaintiff had performed those jobs, but as performed under the Dictionary of Occupational Titles (DOT) definition. Tr. 52. However, when questioned by Plaintiff's attorney, the VE further explained that:

> I think there are many cases in both the convenience store manager position and the cashier 2 position where an individual, even according to the DOT is expected to lift 20 pounds probably. And as the claimant said, probably more. And under that circumstance it's just not reasonable to think that an individual could do that repetitively for a prolonged period of time using just one hand.

Tr. 54.

Even though the VE initially stated that Plaintiff would be able to return to cashier II and convenience store manager positions, the VE's testimony, taken in its entirety, does not support that conclusion. The ALJ determined that Plaintiff had the RFC to "lift and carry 20 pounds occasionally and 10 pounds frequently." Tr. 20. In contrast, according to the VE, both the convenience store manager and cashier II positions, as generally performed under the DOT, require "many" situations where an individual would be expected to lift at least 20 pounds, and "probably more." Tr. 22.

This is not a case where the VE's testimony directly contradicts the DOT, requiring the ALJ to seek an explanation from the VE for the contradiction. Rather, the VE's testimony provides further detail as to the DOT expectations of an individual in these jobs. "The value of a vocational expert is that he is familiar with the specific requirements of a particular occupation, including working conditions and the attributes and skills needed." Fields v. Bowen, 805 F.2d 1168, 1170 (5th Cir.1986). Considering the VE's explanation of DOT expectations for a cashier II and convenience store manager, Plaintiff was not capable of performing those jobs. The ALJ's

finding that Plaintiff could perform past relevant work as generally performed is not supported by substantial evidence.[3]

### III.     Plaintiff's Ability to Perform Work on a Sustained Basis

Plaintiff contends that the ALJ's assessment of Plaintiff's activities of daily living failed to comply with SSR 96-8p, which requires a discussion of the "individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis," meaning "8 hours a day, for 5 days a week, or an equivalent work schedule." <u>Titles II & Xvi: Assessing Residual Functional Capacity in Initial Claims</u>, SSR 96-8P, 1996 WL 374184 (S.S.A. July 2, 1996). Furthermore, Plaintiff argues that the ALJ's assessment of Plaintiff's activities of daily living does not capture what Plaintiff reported. The Court disagrees.

The ALJ used the reports of Plaintiff's daily activities in developing the RFC. The ALJ recited the law that an RFC is the Plaintiff's "ability to do physical and mental work activities on a sustained basis despite limitations from his impairments." Tr. 18. The Court can infer that the ALJ understood the definition of "sustained basis" as stated in SSR 96-8P and analyzed Plaintiff's limitations accordingly. In a recent case from this District, Magistrate Judge Clarke reached a similar conclusion:

> Plaintiff's argument that the ALJ committed legal error because she failed to assess and specifically discuss whether plaintiff is capable of working on a regular and continuing basis for eight hours a day, five days a week is without merit. The ALJ recited the applicable law that RFC is the ability to do physical and mental work activities on a sustained basis despite limitations from impairments. There is nothing in the ALJ's decision to indicate she did not determine plaintiff's RFC on this basis.
>
> Moreover, there does not appear to be any published opinions in the Ninth Circuit requiring that the ALJ specifically discuss and make particular findings in this regard. In

---

[3] Plaintiff advances a separate argument that his past relevant work was a composite job that cannot be evaluated as generally performed in the national economy. The Court declines to decide whether his work was a composite job because the VE's testimony indicates that Plaintiff could not do his prior jobs as he performed them or as generally performed. Therefore, the ALJ should have proceeded to step five of the analysis.

10 - OPINION & ORDER

an unreported decision, however, the Ninth Circuit found no error in an ALJ's failure to expressly state his RFC was based on a forty-hour work week. McCutcheon v. Astrue, 378 Fed. App'x. 649, 652 (9th Cir. 2010); see also Perez v. Barnhart, 415 F.3d 457, 465 (5th Cir. 2005) (without a showing that claimant's physical ailment waxes and wanes in its manifestation of disabling symptoms, the claimant's ability to maintain sustained employment is subsumed in the RFC determination).

Mastro v. Comm'r of Soc. Sec., No. 3:12-CV-00134-CL, 2013 WL 1891272, at *5 (D. Or. Apr. 4, 2013) report and recommendation adopted sub nom. Mastro v. Colvin, No. 3:12-CV-134-CL, 2013 WL 1891156 (D. Or. May 6, 2013). As in Mastro, the ALJ here did not err in his analysis of Plaintiff's ability to do physical and mental work activities on a sustained basis, simply because he did not explicitly say that Plaintiff could work on a regular and continuing basis for eight hours a day, five days a week.

Furthermore, contrary to Plaintiff's assertion, the ALJ's assessment of Plaintiff's activities of daily living is based on more than just Plaintiff's September 6, 2010 function report. The ALJ cites to that report, as well as treatment notes from March 17 and March 31, 2011, and Plaintiff's father's function report. Tr. 166-73, 183-90, 1078-1105. The ALJ properly considered Plaintiff's activities of daily living, and used those activities to determine the RFC.

## IV. Remand

After finding the ALJ erred, this Court has the discretion to remand for further proceedings or for immediate payment of benefits. Vasquez v. Astrue, 572 F.3d 586, 593 (9th Cir. 2009); Barman v. Apfel, 211 F.3d 1172, 1178 (9th Cir. 2000). The issue turns on the utility of further proceedings. A remand for an award of benefits is appropriate where there is no useful purpose to be served by further proceedings or where the record is fully developed. Vasquez, 572 F.3d at 593.

On this record, the Court concludes that outstanding issues must be resolved before a final determination of disability can be made. The ALJ determined that Plaintiff could perform

his past relevant work as a convenience store manager and cashier II, in purported reliance on the VE's testimony. However, as discussed above, the VE testimony does not support such a finding.

Because the ALJ found plaintiff not disabled at step four, the ALJ did not reach the step five question of whether Plaintiff is capable of performing other work that exists in significant numbers in the national economy. Thus, this is an outstanding issue that must be resolved before a disability determination can be made. Accordingly, the proper remedy is to remand for further administrative proceedings.

## CONCLUSION

The Commissioner's decision is affirmed in part and reversed and remanded for additional proceedings to evaluate whether plaintiff is capable of performing other work that exists in significant numbers in the national economy.

IT IS SO ORDERED.

Dated this 5 day of January, 2015

*Marco Hernandez*
MARCO A. HERNÁNDEZ
United States District Judge